UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KORLON ANTONIO MURRAY, | |
| Plaintiff, | |
| v. | Case No. 5:19−cv−00330−TES |
| ELEMENTIS CHROMIUM INC. AND NORFOLK SOUTHERN RAILWAY COMPANY, | |
| Defendants. | |

## **PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 2(c)(G) and by consent of the parties, ORDERED as follows:

1. **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped

confidential document may be disclosed to any person. A stamped confidential document means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information reasonably believed to be subject to protection under Fed. R. Civ. P. 2(c)(G), which includes any trade secret or other confidential research, development, or commercial information. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. Writings so designated will be Bates stamped if appropriate. Interrogatory answers, responses to requests for admission, documents produced in response to requests for production, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately

from that not entitled to protection.

2. **Permissible Disclosure.** Notwithstanding Paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation and to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional service in such litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in such litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (C.), such documents may also be disclosed:

A. to any person agreed to by the parties documented in writing or requested by any party by motion filed with this Court and approved by this Court; to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary

in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form, with a copy of such form to be provided to counsel for all parties prior to production of the confidential documents or information, containing:

> **(1)** a recital that the signatory has read and understands this Order;
>
> **(2)** a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of

Court, unless such disclosures are determined by the Court to be inadvertent or otherwise unintentional; a statement that the signatory consents to the exercise of personal jurisdiction by this Court; and, in the event a disclosure of confidential information is inadvertently made without first complying with the foregoing subparagraphs, the disclosing party agrees to obtain the required signed form within 20 days of the date that it becomes reasonably apparent to such a party that confidential documents have been disclosed without obtaining the required form.

B. Before disclosing a stamped confidential document to any person listed in subparagraph (A.) and (B.) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as confidential,

stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

C. Notwithstanding the above, each authorized person who receives access to any confidential material shall first be given a copy of this Agreed Protective Order and advised by the trial counsel making the disclosure that such person must not divulge any confidential material to any person except in the preparation or trial of this lawsuit, and that such disclosure is limited to authorized persons.

    **D.**    Except by Court order, stamped confidential documents will be exempt from the public disclosure provisions of the Freedom of Information Act codified in 5 USC § 552 or the Open Records Act of Georgia codified in O.C.G.A. Title 50 Chapter 18.

3. **Declassification.** A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application with the factual and legal bases for the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show good cause for the document to have such protection.

4. **Confidential Information in Depositions.**

    **A.**    A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the

provisions of Paragraph 2 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Paragraph 2. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents. Counsel may state on the record at the deposition, at the time of the confidential information is discussed, that the deposition includes information claimed to be confidential material.

**B.** Parties (and deponents) may, within thirty (30) days after receiving a deposition, designate as confidential those pages of the transcript (an exhibit thereto) that contain confidential information. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential - Subject to Protection

Pursuant to Court Order." This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. Pending such designation, the portions of the deposition and all exhibits shall be treated in their entirety as confidential material. Those portions of the deposition which are designated as "confidential material subject to protective order" shall, upon written request, be returned to trial counsel upon final determination of this action. During the 30-day period in which the parties will have to designate portions of the transcript and exhibits as confidential, those portions of the depositions and exhibits where documents designated as confidential are discussed or mentioned in anyway, or where counsel for any party has stated during the deposition that certain testimony or questions contained confidential information, will be read as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will

be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5. **Confidential Information at Trial.** Subject to Federal and Georgia laws of evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives ten (10) days' advance notice to counsel for any party or other person that designated the information as confidential. The required notice shall include the listing of such documents in the party's portion of the Pretrial Order as exhibits that may be introduced at trial. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which contain trade secrets, be filed under seal. The failure to give the required advanced notice shall not

be grounds for excluding otherwise admissible evidence if the party that designated the information as confidential will not be prejudiced by the failure to give the notice, if the party seeking the introduction of the evidence seeks to introduce the confidential information as rebuttal evidence, or if the court, in the exercise of its discretion, determines that the evidence should be admitted.

6. **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order and provide trial counsel with a copy of the subpoena or order.

7. **Filing.** Stamped confidential documents need not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents. Such confidential information shall,

however, remain available to personnel authorized by that Court and to persons authorized by this Protective Order. Where practicable, only the confidential portions of pleadings filed with the Court will be filed in a separate sealed envelope. If any confidential paper is furnished to any court by any party, a duplicate copy with confidential material deleted may be substituted in the public record, if appropriate.

8. **Client Communication.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 2(b) and (c).

9. **Inadvertent Disclosure.** Should any confidential material be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this

protective order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this order; (b) shall be identified immediately to all other parties.

10. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document.

11. **Use.** Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials) and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

12. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper or objecting on any ground to the admission of any confidential material into evidence at trial.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

   A. Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

   B. The inadvertent, unintentional, or in camera disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

14. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

15. **Return of Confidential Information.** Within twenty (20) days of the final termination of this action, upon written request by any party, trial counsel for each party shall, at the requesting party's expense, assemble and return to trial counsel all confidential material produced, including all copies, notes, summaries, renderings, photographs, recordings, and reproductions of every kind. In the alternative, within twenty (20) days of the final termination of this action, trial counsel for each party shall destroy or shred all confidential material produced. Any information entered onto a computer database or other retrieval system shall be deleted and written over or formatted. The confidential material being returned shall be described sufficiently to identify the confidential material transmitted (but without disclosing its substance) in a cover letter from each trial counsel returning such confidential material.

SO, ORDERED, this 10th day of April, 2020.

    **/s/ Tilman E. Self, III**
    TILMAN E. SELF, III, JUDGE
    UNITED STATES DISTRICT COURT

**CONSENTED TO BY:**

*/s/ Mathew K. Titus*

_____

Mathew K. Titus, Esq.
Rebecca D. Clements, Esq.
TITUS LAW, LLC
5755 North Point Parkway, Suite 69
Alpharetta, Georgia 30022
*Attorney for Plaintiff*


*/s/ David P. Wilson*

_____

David P. Wilson, Esq.
Matthew Matheny, Esq.
PROVOST UMPHREY LAW FIRM, LLC
P.O. Box 4905
490 Park Street
Beaumont, Texas 77701
*Attorney for Plaintiff*


*/s/ J. Steven Stewart*

_____

J. Steven Stewart, Esq.
HALL, BLOCH, GARLAND & MEYER, LLP
P.O. Box 5088
Macon, GA 31208-5088
*Attorney for Norfolk Southern Railway Company*


*/s/ David C. Marshall*

_____

David C. Marshall, Esq.
HAWKINS PARNELL & YOUNG LLP
303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308
*Attorney for Elementis Chromium Inc.*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KORLON ANTONIO MURRAY,<br><br>    Plaintiff,<br><br>v.<br><br>ELEMENTIS CHROMIUM INC.<br>AND NORFOLK SOUTHERN<br>RAILWAY COMPANY,<br><br>    Defendants. | Case No. 5:19−cv−00330−TES |

# EXHIBIT A
# AGREEMENT OT BE BOUND BY PROTECTIVE ORDER

**I, _____, being duly sworn, state:**

1. My address is _____.

2. My present employer is _____and my address of employment is _____.

3. My present occupation or job description is _____.

4. I have read and understand the Protective Order in the above-captioned action (hereinafter "Action") dated _____ and agree to be bound by its terms.

5. I further agree that I shall not disclose to others, except in accordance with the

Protective Order, any confidential material, in any form whatsoever, and that such material and information contained therein may be used only for the purposes authorized by the Protective Order.

6. I further agree that I understand that unauthorized disclosures of the stamped confidential documents constitute contempt of Court.

7. I further agree and attest to my understanding that my obligations with respect to confidential material as set forth in the Protective Order will continue even after this Action concludes.

8. I further agree and attest to my understanding that if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court in which this Action is pending on the effective date of this Agreement and any other court to which jurisdiction may be transferred to the purposes of any proceedings relating to enforcement of the Protective Order.

9. I further agree to be bound by and comply with the terms of the Protective Order as soon as I sign this Agreement, regardless of whether the Protective Order has been entered by the Court.

Date:_____      Signature_____
                          Print Name_____